UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN MARIE BALLARD,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAUL, Commissioner of the Social Security Administration,<br><br>    Defendant. | Case No. 18-cv-05503-RS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION** |

## I. INTRODUCTION

Plaintiff Shaun Marie Ballard appeals the determination of the Social Security Administration that she is no longer eligible for supplemental security income ("SSI") benefits because she has resources in excess of the regulatory limit of $2,000. Ballard's motion for summary judgment will be granted and the Commissioner's cross-motion will be denied. Ballard remains entitled to SSI benefits because her interest in certain real property held in trust cannot be converted to cash without litigation.

## II. BACKGROUND[1]

Ballard is a 61-year-old woman who resides in Watsonville, CA and who previously received monthly SSI benefits. In March 2005, Ballard's father established the Buck B. Ballard

---

[1] This synopsis is based on the certified administrative record ("AR").

Trust. The Trust instrument provided that Ballard and her sister, Kimberly, would each receive one-half of the property "outright and free of trust," upon his death. The Trust listed real property consisting of a parcel of farmland with several mobile-homes and a second parcel with a single-family home, both in Montezuma County, Colorado. Ballard and her sister became co-trustees of the Trust following the death of the originally designated trustee. Ballard's father died in April 2010 and left a will, which is currently being probated in Colorado.[2] The properties at issue in this case are not involved in that probate case.

According to Montezuma County records, the properties in question are currently recorded in the name of the Buck B. Ballard Trust with both sisters as beneficiaries. While the Trust mandates that the properties should pass to the beneficiaries upon the death of Ballard's father, there has been no recorded transfer of the two properties from the Trust to the Ballard sisters. In June 2010 and again in April 2015, Ballard's counsel sent letters to Kimberly requesting that she agree to liquidate the Colorado properties and distribute the proceeds equally. In response to the 2016 letter, Kimberly's attorney sent a letter to Ballard stating, "liquidation of real property held in the trust will not be considered until such time as the estate is closed and assets distributed equally."

In October 2016, an ALJ considered Ballard's appeal of the Social Security Administration's finding that she had resources in excess of the statutory limit. The ALJ applied the POMS criteria and found that the real property in Colorado counted as a resource for the purposes of SSI benefits because Ballard inherited one-half of the property "outright and free of trust" when her father died. The ALJ reasoned that there was no legal restriction preventing Ballard's right to access, spend, or convert the property because there was no evidence that she

---

[2] A Petition for Formal Probate of Will was filed in Colorado District Court by Kimberly Ballard in April 2011 and she was subsequently appointed as Personal Representative of the estate. The sisters disagree as to the contents of the estate and the whereabouts of certain personal items belonging to the estate. Kimberly alleges that Ballard or Ballard's children took possession of such assets without permission. In a March 2016 filing in the Colorado probate proceeding, Kimberly's attorney indicated that "the Estate now has a negative balance and no funds to distribute to any beneficiaries."

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING CROSS-MOTION
CASE NO. 18-cv-05503-RS

2

had attempted to sell her share of the property or asked Kimberly to agree to liquidate the entire property.

## III. LEGAL STANDARD

Under 42 U.S.C. § 405(g), a district court has jurisdiction to review the Commissioner's final decision denying benefits under the Social Security Act. An ALJ's decision to that effect must be affirmed if it is supported by substantial evidence and free of legal error. *Beltran v. Astrue*, 700 F.3d 386, 388 (9th Cir. 2012). Substantial evidence is defined as "more than a mere scintilla but less than a preponderance—it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam). In determining whether a decision is supported by substantial evidence, the court must examine the administrative record as a whole, considering all the facts. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). If the evidence supports more than one rational interpretation, the court must defer to the ALJ's decision. *Id.* at 1258. "If additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded." *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014) (internal quotation marks and citation omitted).

## IV. DISCUSSION

### A. Definition of "Resource"

The issue in this case is whether properties belonging to the Trust under which Shaun Ballard is a beneficiary count toward the $2,000 resource limit, making her ineligible for SSI disability benefits. *See* 42 U.S.C. § 1382(a)(3)(B); 20 C.F.R. § 416.1205. According to 20 C.F.R. § 416.1201(a), "resources means cash or other liquid assets or any real or personal property that an individual (or spouse, if any) owns and could convert to cash to be used for his or her support and maintenance."

The Social Security Administration's initial inquiry into the issue is governed by Program Operations Manual System (POMS) SI 01120.010. POMS are not binding on courts, although they frequently consider them in interpreting the statutory and regulatory policies of that agency.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING CROSS-MOTION
CASE NO. 18-cv-05503-RS

3

*Kubetin v. Astrue*, 637 F. Supp. 2d 60, 63 (2009). Under POMS SI 01120.010, the agency will not consider property of any kind to be a resource for SSI eligibility purposes "unless . . . it meets all three criteria" listed in the section. First, the individual "must have some form of ownership interest in property in order for the property to be considered a resource." POMS SI 01120.010.B.1. Second, the individual "must have a legal right to access [the] property" and "the legal ability to access funds for spending or to convert noncash property into cash." POMS SI 01120.010.B.2. "The fact that an owner does not have physical possession of property does not mean it is not his/her resource, provided the owner still has the legal ability to spend it or convert it to cash." *Id.* The property is not a resource "[w]hen there is a legal bar to sale of property (e.g., if a co-owner legally blocks sale of jointly-owned property)" such that litigation would be required ". . . in order to accomplish sale or access." POMS SI 01120.010.C.2. Third, the individual must have the legal ability to use the property for his/her personal support and maintenance, such that even if the individual meets the first two requirements, "a legal restriction against the property's use for the owner's own support and maintenance means the property is not his/her resource." POMS SI 01120.010.B.3.

### B. Resource Analysis

To determine whether the Colorado properties should be considered a resource for the purposes of limitations on SSI benefits, the court applies the three POMS criteria to determine whether the real property inherited here via a trust instrument is an "available resource." Failure to meet any one of the three factors would result in property not counting as a resource.

**1. Ballard Has an Ownership Interest in the Real Property**

It is undisputed that Ballard is a beneficiary of the Trust of Buck B. Ballard through which she inherited a one-half share of the assets of the Trust. While the ALJ mischaracterized Ballard as an "outright" owner of one-half of the Colorado real property immediately upon her father's death, Ballard concedes that her beneficiary interest in the Trust constitutes an "ownership interest" within the meaning of the first POMS criteria. POMS SI 01120.010.B.1.

**2. Ballard Lacks the Legal Ability to Convert the Real Property into Cash**

Ballard and the Commissioner disagree as to the second POMS criteria. Ballard maintains that the ALJ erred in finding that she had "a legal right to access [the] property" and "the legal ability to access funds for spending or to convert noncash property into cash." POMS SI 01120.010.B.2. The ALJ's decision was not supported by substantial evidence because a reasonable person could not find that, given the evidence, Ballard could liquidate the Colorado property without litigation.

First, Ballard correctly argues the ALJ erred in finding that Ballard's ownership interest in the real property held by the Trust automatically converted to a tenancy-in-common upon her father's death. Although the language in the Trust provides that the beneficiaries are to receive the assets "outright and free of trust" at the time of the father's death, no distribution of the property has yet been made to the beneficiaries. Under the California Probate Code, a "trustee has a duty to administer the trust according to the trust instrument and, except to the extent the trust instrument provides otherwise, according to this division." Cal. Prob. Code §16000. This duty requires the trustee to distribute trust assets to the beneficiaries as mandated by the trust document. The Trust states, "At the settlor's death, the trustee shall distribute . . . one-half (1/2) of the remaining balance of the trust estate to settlor's daughter Kimberly Ann Ballard" and "one-half (1/2) . . . to settlor's daughter Shaun Marie Ballard." (AR 41). The distribution to beneficiaries mandated by the Trust is not automatic or self-executing. As no such distribution has yet been made, the property remains held in Trust.

The Commissioner argues that the Ballard sisters own the property as tenants-in-common and that either can "transfer or otherwise dispose of his or her share of the property without permission of the other owner(s). . ." Colo. Rev. Stat. § 38-31-101; POMS SI 01110.510.C.1. This analysis misses the crucial point that the property is still held by the Trust and will continue to be until a distribution is made to the beneficiaries. Accordingly, the ALJ erred in finding that Ballard's interest in the Colorado real property was anything more than a beneficial interest.

Second, Ballard argues that the ALJ erred by not considering the various communications between Ballard and Kimberly as evidence of Ballard's inability to liquidate the inherited

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING CROSS-MOTION
CASE NO. 18-cv-05503-RS

5

property. The ALJ opinion flatly states, "the record does not contain any document whereby she [Shaun Ballard] seeks access to or sale of the property." (AR 21). Ballard's counsel, however, wrote to Kimberly in June 2010, "We request your cooperation to liquidate the assets from this property. Shaun requests that the property be promptly sold, the assets liquidated, and the proceeds distributed among the two of you." (AR 209). A second letter from Ballard's counsel to Kimberly's attorney in April 2015 reads, "We previously requested Ms. Kimberly Ballard's cooperation to sell the real property located in Colorado . . . . Shaun Ballard again solicits Kimberly Ballard's cooperation to liquidate the assets from this property and distribute the proceeds to all beneficiaries." (AR 225). In response, Kimberly's attorney wrote, "[l]iquidation of real property held in the trust will not be considered until such time as the estate is closed and assets distributed equally." (AR 212). It is apparent that Ballard did attempt to secure cooperation from her sister to liquidate the Colorado properties but was not successful. Therefore, the ALJ erred in finding that no attempt was made by Ballard to sell the property in question.

Lastly, the ALJ erred in finding that litigation is not required for her to access or sell the property. In fact, Ballard faces a legal bar that requires litigation in order to "convert noncash property into cash" because of the legal status of the property and her sister's refusal to agree to sell it. POMS SI 01120.010.B.2. According to California probate law, "unless otherwise provided in the trust instrument, a power vested in two or more trustees may only be exercised by their unanimous action." Cal. Prob. Code §15620. Similarly, all beneficiaries must give written consent in order to modify or terminate a trust. Cal. Prob. Code §15404(a). According to POMS SI 01120.010.C.2., if there is "a legal bar to sale of property" that requires litigation in order for the individual to "accomplish sale or access," that property should not be considered a resource for purposes of SSI eligibility. Since both Shaun and Kimberly Ballard are trustees, all decisions regarding the Trust, including making disbursements to beneficiaries, must be made unanimously. Ballard's requests and Kimberly's repeated refusal to liquidate the property is evidence that unanimous action by the sisters to distribute the real property held by the Trust to themselves is not possible. Therefore, litigation is required to distribute the property before any "sale or access"

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING CROSS-MOTION
CASE NO. 18-cv-05503-RS

6

can be accomplished. *Id.*; *See also Kubetin v. Astrue*, 637 F. Supp. 2d 59, 65 (D. Mass. 2009) (finding that the ALJ committed clear error by not considering the need for the plaintiff to use litigation to partition her share of an inherited property in order to sell it, before determining that the property should count toward resource limits).

In *Winston v. Colvin*, the District Court found that it was reversible error for the ALJ to conclude that the plaintiff's property was a resource when her ex-husband refused to sell property that was owned jointly by the former spouses. *Winston v. Colvin*, No. 6:13-CV-1662-CL, 2015 WL 1549164, at 3 (D. Or. Apr. 7, 2015). The court concluded that even though the plaintiff had a legal right to sell her share of the tenancy-in-common to a third party or to sue to force partition, the fact that she could not afford such litigation, the refusal to sell by her hostile and mentally ill ex-husband, and the possibility that the proceeds of a forced partition and sale would not exceed the statutory limit, made the property not countable as an "available resource." Here, Ballard's beneficiary interest in the Colorado Trust is, if anything, even less readily convertible to cash, as she cannot convey title even to a cotenant's share. Therefore, the property held in Trust is likewise not an "available resource."

The ALJ erred in finding that Ballard had "a legal right to access [the] property" and "the legal ability to access funds for spending or to convert noncash property into cash." POMS SI 01120.010.B.2. That finding was not supported by substantial evidence because the Colorado properties are held in Trust, Ballard was unable to secure agreement with her sister to liquidate the property, and because without such an agreement, litigation would be required to compel a distribution from the Trust.[3]

## V. CONCLUSION

Ballard's Motion for Summary Judgment is granted and the ALJ decision is reversed. Ballard's SSI benefits are to be restored as of January 1, 2013 and the alleged erroneous

---

[3] Because the second POMS criteria is dispositive, the third need not be analyzed. *If* there had been a distribution from the trust, it does not appear there would have been any restriction on Ballard's use of the property to preclude it from counting as a resource, but no such distribution has been made.

overpayment from January 1, 2013 to January 1, 2015 eliminated. This decision does not preclude a subsequent determination that Ballard's countable resources have eclipsed the statutory limit for SSI benefits if a distribution from the Trust is made, or if there are other changes in circumstances. A separate judgment will enter.

**IT IS SO ORDERED**.

Dated: October 23, 2019

RICHARD SEEBORG
United States District Judge